1
2
3
4
5

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS RENE FLORES, | ) 1:13-cv-01381-AWI- BAM (PC) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING DISMISSAL OF ACTION |
| v. | ) FOR FAILURE TO COMPLY WITH COURT |
| | ) ORDER |
| R. L. MILLER, et al., | ) (ECF No. 7) |
| Defendants. | ) TWENTY-ONE DAY DEADLINE |

Plaintiff Santos Rene Flores ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 29, 2013, but failed to pay the $400.00 filing fee or to submit an application to proceed in forma pauperis.

On August 30, 2013, the Court ordered Plaintiff to pay the filing fee or to submit an application to proceed in forma pauperis within forty-five days.  (ECF No. 3.)  On September 18, 2013, Plaintiff filed an unsigned application to proceed in forma pauperis.  (ECF No. 6.)  Thereafter, on September 20, 2013, the Court ordered Plaintiff to submit a signed application to proceed in forma pauperis or pay the $400.000 filing fee within thirty (30) days of the date of service of the order.  (ECF No. 7.)  More than thirty days have passed since service of the Court's order and Plaintiff has not paid the filing fee or submitted a signed application to proceed in forma pauperis.  Based on Plaintiff's failure to comply, it is recommended that this action be dismissed.

Local Rule 110 provides that a "failure . . . of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . .

1

1    . within the inherent power of the Court."  District courts have the inherent power to control their

2    dockets and "[i]n the exercise of that power they may impose sanctions including, where

3    appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A

4    court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

5    failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran,

6    46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

7    Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

8    requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th

9    Cir. 1987) (dismissal for failure to comply with court order).

10          In determining whether to dismiss an action for lack of prosecution, the Court must

11   consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

12   Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

13   policy favoring disposition of cases on their merits; and (5) the availability of less drastic

14   sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d

15   1439 (9th Cir. 1988).

16          The Court finds that the public's interest in expeditiously resolving this litigation and the

17   Court's interest in managing the docket weigh in favor of dismissal.  Plaintiff has made no

18   attempt to resolve the fee issue or to make contact with the Court since September 2013.  The

19   Court cannot hold this case in abeyance indefinitely awaiting compliance by Plaintiff.  The third

20   factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

21   injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.

22   Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring

23   disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal

24   discussed herein.  Finally, the Court's warning to a party that failure to obey the court's order

25   will result in dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik, 963

26   F.2d at 1262; Malone, 833 F.2d at 132-133; Henderson, 779 F.2d at 1424.  The Court's order

27   issued on September 20, 2013, expressly stated "Failure to comply with this order will result in

28

1    dismissal of this action." (ECF No. 7.)  Thus, Plaintiff had adequate warning that dismissal

2    could result from his noncompliance with the Court's order.

3           Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without

4    prejudice based on Plaintiff's failure to comply with the Court's order to pay the filing fee or to

5    submit a signed application to proceed in forma pauperis.

6           These Findings and Recommendations will be submitted to the United States District

7    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

8    **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff

9    may file written objections with the court.  The document should be captioned "Objections to

10   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

11   objections within the specified time may waive the right to appeal the District Court's order.

12   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14   IT IS SO ORDERED.

15       Dated:   **February 3, 2014**              /s/ Barbara A. McAuliffe

16                                         UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28